**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF, ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| **HARLEYSVILLE MUTUAL**<br>**INSURANCE COMPANY, INC.,**<br>**a corporation,** | )<br>)<br>)<br>) |
| **Plaintiff,** | )<br>) |
| **v.** | )<br>) |
| **CITY OF LANETT, a municipal**<br>**corporation,** | )<br>)<br>) |
| **Defendant.** | )<br>) |

**Civil Action No.: 3:07CV909-MEF**

<u>**DEFENDANT CITY OF LANETT'S MOTION FOR SUMMARY JUDGMENT,**</u>
<u>**NARRATIVE SUMMARY OF UNDISPUTED FACTS,**</u>
<u>**AND BRIEF OF APPLICABLE LAW**</u>

COMES NOW the Defendant, by and through the undersigned counsel, and moves this Honorable Court to grant this Motion for Summary Judgment.  In support thereof, the Defendant states the following:

1.      There are no genuine issues of material fact.

2.      The Defendant is entitled to judgment as a matter of law.

3.      As a matter of law, Defendant is entitled to the entire amount of liquidated damages.

4.      As a matter of law, Defendant does not owe Plaintiff more than $20,984.47, which is the

(a) contract balance allegedly retained by Defendant (b) minus the amount of liquidated damages.

5.      The Defendant offers the following in support of its Motion for Summary Judgment:

  a.      All Pleadings.

  b.      The Defendant's Narrative Summary of Undisputed Facts and Brief of

    Applicable law filed herewith in support of this Motion.

c.      A copy of the contract between the City of Lanett and Pipe & Equipment
        Company, Inc., attached hereto as Exhibit A.

d.      A copy of the surety performance bond and payment bond for the contract
        between the City of Lanett and Pipe & Equipment Company, Inc., attached
        hereto as Exhibit B.

e.      A copy of the Notice to Proceed referenced in the contract between the City
        of Lanett and Pipe & Equipment Company, Inc., attached hereto as Exhibit
        C.

## NARRATIVE SUMMARY OF UNDISPUTED FACTS

This matter arises out of a contract between the City of Lanett (hereinafter "Defendant"
and Pipe & Equipment Company, Inc. (hereinafter "PEC").  Harleysville Mutual Insurance
Company (hereinafter "Plaintiff"), issued performance and payment bonds on behalf of PEC in
favor of Defendant for the construction project known as the West Shawmutt Sewer Improvement
(hereinafter "the Project"). See Complaint ¶ 2 and Exhibit B.  Plaintiff discovered and advised
Defendant that PEC appeared to have abandoned work on the Project. See Complaint ¶ 3.
Plaintiff took over and made arrangements to complete all of the work in accordance with the
plans and specifications. Id.

The contract between PEC and Defendant provided for liquidated damages in the amount
of $350.00 per day for each day the construction went beyond the contract completion date.
Exhibit A, p. 1.  The contract completion date was February 10, 2006.  See Exhibit C.  The date
the construction was actually completed on September 15, 2006, which is 217 days after the
contract completion date.  Therefore, Defendant claims liquidated damages in the amount of

$75,950, which is the sum of 217 days at $350.00 per day.  Plaintiff alleges Defendant retains a contract balance in the amount of $96,934.47 out of the total contract price of $670,967. See Complaint ¶ 4.  After subtracting the amount of $75,950 in liquidated damages owed to Defendant under the terms of the contract, Plaintiff is only entitled to a return of a maximum of $20,984.47.

Plaintiff filed the above-styled cause seeking a declaratory judgment to determine (1) whether the remaining contract funds should be released from Defendant to Plaintiff and (2) whether Defendant is entitled to assert the benefit of the liquidated damages provision.  See Complaint ¶ 7.

## BRIEF OF APPLICABLE LAW

### Summary Judgment Standard

Under Fed.R.Civ.P. 56(c) summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Id. at 323. The movant may meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. Id. at 322-324. If the movant succeeds in demonstrating the absence of a material issue of fact, the burden shifts to the non-movant to establish, with evidence

beyond the pleadings, that a genuine issue material to the non-movant's case exists. See

Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115-17 (11th Cir.1993); see also Fed.R.Civ.P. 56(e).

("When a motion for summary judgment is made and supported ⋯ an adverse party may not rest

upon the mere allegations or denials of [his] pleading, but [his] response ⋯ must set forth specific

facts showing that there is a genuine issue for trial."). What is material is determined by the

substantive law applicable to the case. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986).

A dispute of material fact "is 'genuine' … if the evidence is such that a reasonable jury could

return a verdict for the nonmoving party." Id. at 248. The non-movant "must do more than simply

show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Ind. Co. v.

Zenith Radio Corp., 475 U .S. 574, 586 (1986). Rather, the non-movant must present "affirmative

evidence" of material factual conflicts to defeat a properly supported motion for summary

judgment. Anderson, 477 U .S. at 257. If the non-movant's response consists of nothing more than

conclusory allegations, the court must enter summary judgment for the movant. See Holifield v.

Reno, 115 F.3d 1555, 1564 n. 6 (11th Cir.1997); Harris v. Ostrout, 65 F.3d 912 (11th Cir.1995).

However, if there is a conflict in the evidence, "the [plaintiff's] evidence is to be believed and all

reasonable inferences must be drawn in his favor." Anderson, 477 U.S. at 255; Molina v. Merritt

& Furman Ins. Agency, 207 F.3d 1351, 1356 (11th Cir.2000). After the nonmoving party has

responded to the motion for summary judgment, the court must grant summary judgment if there

remains no genuine issue of material fact and the moving party is entitled to judgment as a matter

of law. Fed.R.Civ.P. 56(c).


I.     Defendant Is Entitled To Liquidated Damages For Each Day After The Contract
       Completion Date.

Defendant is entitled to $350.00 per day in liquidated damages for each of the 217 days after the contract completion date, because the contract between Defendant and PEC that Plaintiff insured called for this measure of liquidated damages.  Where a provision for liquidated delay damages is clearly delineated in the underlying contract, the surety is on notice of the time element of performance and the contractual consequences of failure to timely perform in accordance with the contract. Nat'l Fire Ins. Co. of Hartford v. Fortune Construction Co. 320 F.2d 1260, 1275 (11th Cir. 2003).  It is undisputed that a provision for liquidated damages was clearly delineated in the underlying contract between PEC and Defendant.  As a result, Plaintiff was on notice of the time element of performance and the consequences of the failure to timely perform in accordance with the contract.

In Nat'l Fire Ins. Co. of Hartford v. Fortune Construction Co., the Eleventh Circuit looked to state law to determine what the surety's obligations were in the case where a surety bond guaranteed the performance of a contract that included liquidated damages. Id. at 1274.  It determined that state law allowed the obligee to recover liquidated damages from a surety where the contract insured by the surety bond provided for liquidated damages. Id. at 1274-75.  As a result, the court held that surety was liable to the obligee for the liquidated damages under the contract. Id. at 1275.

It is well-settled in Alabama that a surety is liable to the obligee for liquidated damages as provided in the underlying contract when the contract is not finished by the contract date. Mason v. City of Albertville, 158 So.2d 924, 927 (Ala. 1963).  In the present matter, PEC did not complete its contract with Defendant by the contract date.  Plaintiff arranged to have the Project completed, and the completion resulted in an overrun of 217 days.  The contract between PEC and Defendant, which Plaintiff insured by surety bond, called for liquidated damages in the amount of

$350.00 per day for each day the Project was not completed beyond the contract date. As a result, Defendant was caused to suffer liquidated damages in the amount of $75,950, for which Plaintiff is obligated to Defendant.

WHEREFORE, Defendant respectfully requests that this Honorable Court enter summary judgment in favor of Defendant, because Defendant is entitled to liquidated damages.

Respectfully submitted on this the 2nd day of April, 2008.


_____ /s/ T. Randall Lyons _____
T. RANDALL LYONS (LYO006)
Attorney for City of Lanett


OF COUNSEL:

Webster, Henry, Lyons & White, P.C.
P.O. Box 239
Montgomery, Alabama 36101
334-264-9472
334-264-9599


## CERTIFICATE OF SERVICE

I hereby certify that I have this date of April 2, 2008, electronically filed the foregoing with the Clerk of the Court using the State of Alabama's electronic filing system which will send notification and a copy of such filing to the following counsel of record:

L. Graves Stiff, III
Starnes & Atchison, LLP
P.O. Box 598512
Birmingham, Alabama 35259


_____ /s/ T. Randall Lyons _____
OF COUNSEL

14.

## CONTRACT FORM

THIS AGREEMENT, made this 14th day of ___JULY___, 2005, by and between
**CITY OF LANETT, ALABAMA**, herein called "Owner", acting herein through Oscar Crawley, Mayor,
and **PIPE & EQUIPMENT COMPANY, INC.** of Hoover, County of Jefferson, and State of
Alabama, herein called "Contractor".

WITNESSETH: That for and in consideration of the payments and agreements hereinafter
mentioned, to be made and performed by the OWNER, the CONTRACTOR hereby agrees with the
OWNER to commence and complete the construction described as follows:

**WEST SHAWMUT SANITARY SEWER LINE EXTENSIONS
FOR THE
CITY OF LANETT, ALABAMA
CDBG PROJECT NO. LR-CM-PF-04-009
GMC PROJECT NO. 5-4-062**

hereinafter called the project for the bid sum of Six Hundred Seventy Thousand Nine Hundred Sixty-
Seven and 00/100 Dollars ($670,967.00) and all extra work in connection therewith, under the
terms as stated in the General Conditions and Special Conditions; and at his (its or their) own proper
cost and expense to furnish all the materials, supplies, machinery, equipment, tools,
superintendence, labor, insurance, and other accessories and services necessary to complete the
said project in accordance with the conditions and prices stated in the Proposal, the General
Conditions, Supplemental General Conditions, and Special Conditions of the Contract, the plans,
which include all maps, plats, blue prints, and other drawings and printed or written explanatory
matter thereof, the specifications and contract documents therefore as prepared by GOODWYN,
MILLS & CAWOOD, INC., herein entitled the Architect/Engineer, and as enumerated in Paragraph 1
of the Supplemental General Conditions, all of which are made a part hereof and collectively
evidence and constitute the contract.

The Contractor hereby agrees to commence work under this contract on or before a date to
be specified in a written "Notice to Proceed" of the Owner and to fully complete the project within
180 consecutive calendar days thereafter. The Contractor further agrees to pay, as liquidated
damages, the sum of $350.00 for each consecutive calendar day thereafter as hereinafter provided
in Paragraph 19 of the General Conditions.

EXHIBIT

Blumberg No. 5118

A

The OWNER agrees to pay the CONTRACTOR in current funds for the performance of the contract subject to additions and deductions, as provided in the General Conditions of the Contract, and to make payments on account thereof as provided in Paragraph 25, "Payments to Contractor", of the General Conditions.

The Owner does hereby certify that this contract was let in accordance with the provisions of Title 39, Code of Alabama, 1975, as amended, and all other applicable provisions of law.

IN WITNESS WHEREOF, the parties to these presents have executed this contract in four (4) counterparts, each of which shall be deemed an original, in the year and day first above mentioned.

(Seal)

ATTEST:

_____
(Secretary) City Clerk

_____
(Witness)

CITY OF LANETT, ALABAMA
(Owner)

By _____
Oscar Crawley

Mayor
(Title)

(Seal)

_____
(Secretary)

_____
(Witness)

PIPE & EQUIPMENT COMPANY, INC.
(Contractor)

By: _____
A. L. Burbic, Jr.

President
(Title)

2324 Twelve Oaks Drive

Hoover, AL 35244
(Address, City, State, Zip Code)

NOTE: Secretary of the Owner should attest. If Contractor is a corporation, Secretary should attest.

Contractor's Federal Tax Identification Number: 63-0946751

## PERFORMANCE BOND

KNOW ALL PERSONS BY THESE PRESENTS: that      Bond No. <u>069871</u>

<u>Pipe & Equipment Company, Inc.</u>
(Name of Contractor)

<u>2324 Twelve Oaks Drive, Hoover, Alabama 35244</u>
(Address of Contractor)

a <u>     Corporation     </u>, hereinafter called Principal, and
(Corporation, Partnership or Individual)

<u>Harleysville Mutual Insurance Company.</u>
(Name of Surety)

<u>355 Maple Avenue, Harleysville, Pennsylvania 19438-2297</u>
(Address of Surety)

hereinafter called Surety, are held and firmly bound unto <u>       </u>

<u>City of Lanett</u>
(Name of Owner)

<u>P.O. Box 290, Lanett, Alabama 36863</u>
(Address of Owner)

hereinafter called OWNER, in the total aggregate penal sum of   Six Hundred Seventy Thousand

<u>Nine Hundred Sixty Seven & NO/100------------------</u> Dollars ($ 670,967.00**********)

in lawful money of the United States, for the payment of which sum well and truly to be made, we bind ourselves, our heirs, executors, administrators, successors, and assigns, jointly and severally, firmly by these presents.

THE CONDITION OF THIS OBLIGATION is such that whereas, the Principal entered into a certain contract with the OWNER, dated the <u>14th</u> day of <u>July</u>, <u>2005</u>, a copy of which is hereto attached and made a part hereof for the construction of:

<u>West Shawmut Sanitary Sewer Line Extension for the City of Lanett, Alabama</u>

<u>CDBG Project # LR-ED-PF-04-009, GMC Project # 5-4-062</u>

NOW, THEREFORE, if the Principal shall well, truly and faithfully perform its duties, all the undertakings, covenants, terms, conditions, and agreements of said contract during the original term thereof, and any extensions thereof which may be granted by the OWNER, or GOVERNMENT, with or without notice to the SURETY and during the one year guaranty period and if the PRINCIPAL shall satisfy all claims and demands incurred under such contract, and shall fully indemnify and save harmless the OWNER and GOVERNMENT from all costs and damages which it may suffer by reason of failure to do so, and shall reimburse and repay the OWNER and GOVERNMENT all



EXHIBIT

B

outlay and expense which the OWNER and GOVERNMENT may incur in making good any default, then this obligation shall be void, otherwise to remain in full force and effect.

PROVIDED, FURTHER, that the liability of the PRINCIPAL and SURETY hereunder to the GOVERNMENT shall be subject to the same limitations and defenses as may be available to them against a claim hereunder by the OWNER, provided, however, that the GOVERNMENT may, at its option, perform any obligations of the OWNER required by the contract.

PROVIDED, FURTHER, that the said SURETY, for value received hereby stipulates and agrees that no change, extension of time, alteration or addition to the terms of the contract or to WORK to be performed thereunder or the SPECIFICATIONS accompanying same shall in any way affect its obligation on this BOND, and it does hereby waive notice of any such change, extension of time, alteration or addition to the terms of the contract or to the WORK or to the SPECIFICATIONS.

PROVIDED, FURTHER, that is expressly agreed that the BOND shall be deemed amended automatically and immediately, without formal and separate amendments hereto, upon amendment to the Contract not increasing the contract price more than 20 percent, so as to bind the PRINCIPAL and the SURETY to the full and faithful performance of the CONTRACT as so amended. The term "Amendment", wherever used in this BOND, and whether referring to this BOND, the Contract or the Loan Documents shall include any alteration, addition, extension, or modification of any character whatsoever.

PROVIDED, FURTHER, that no final settlement between the OWNER or GOVERNMENT and the PRINCIPAL shall abridge the right of the other beneficiary hereunder, whose claim may be unsatisfied. The OWNER and GOVERNMENT are the only beneficiaries hereunder.

IN WITNESS WHEREOF, this instrument is executed in ___4___ counterparts, each one of which

shall be deemed an original, this the __14th__ day of _____JULY_____ 2005

ATTEST:

_____
(Principal) Secretary

(SEAL)

_____
(Witness as to Principal)

2324 Twelve Oaks Dr.
_____
(Address)

Hoover, Al 35244
_____

Pipe & Equipment Company, Inc.
_____
Principal

By _____ (s)

2324 Twelve Oaks Drive
_____
(Address)

Hoover, Alabama 35244
_____
(Address)

Harleysville Mutual Insurance Company
_____
Surety

ATTEST:

_____
(Surety) Secretary

(SEAL)

By William H Fedor
_____
Witness to Surety

115 Office Park Drive, Suite 200
_____
(Address)

Birmingham, Alabama 35223
_____

_____
Attorney-in-fact

115 Office Park Drive, Suite 200
_____
(Address)

Birmingham, Alabama 35223
_____

NOTE:    Date of BOND must not be prior to date of Contract.

If CONTRACTOR is partnership, all partners should execute BOND.

IMPORTANT: Surety companies executing BONDS must appear on the Treasury Department's most current list (Circular 570 as amended) and be authorized to transact business in the state where the Project is located.

# PAYMENT BOND

Bond No. 069871

KNOW ALL PERSONS BY THESE PRESENTS: that

Pipe & Equipment Company, Inc.
(Name of Contractor)

2324 Twelve Oaks Drive, Hoover, Alabama 35244
(Address of Contractor)

a _____ Corporation _____ hereinafter called PRINCIPAL and
(Corporation, Partnership or Individual)

Harleysville Mutual Insurance Company
(Name of Surety)

hereinafter called SURETY, are held and firmly bound unto _____

City of Lanett, Alabama
(Name of Owner)

P.O. Box 290, Lanett, Alabama 36863
(Address of Owner)

Six-Hundred Seventy Thousand
hereinafter called Owner, in the penal sum of Nine Hundred Sixty Seven & NO/100 Dollars
($ 670,967.00***************) in lawful money of the United States, for the payment of which
sum well and truly to be made, we bind ourselves, our heirs, executors, administrators, successors,
and assigns, jointly and severally, firmly by these presents.

THE CONDITION OF THIS OBLIGATION is such that whereas, the PRINCIPAL entered into a
certain contract with the OWNER, dated the 14th day of July 2005
a copy of which is hereto attached and made a part hereof for the construction of:

West Shawmut Sanitary Sewer Line Extension for the City of Lanett, Alabama

CDBG Project # LR-ED-PF-04-009, GMC Project # 5-4-062

NOW, THEREFORE, if the PRINCIPAL shall promptly make payment to all persons, firms, and
corporations furnishing materials for or performing labor in the prosecution of the WORK provided
for in such contract, and any authorized extensions or modifications thereof, including all amounts
due for materials, lubricants, oil, gasoline, coal and coke, repairs on machinery, equipment and
tools, consumed or used in connection with the construction of such WORK, and for all labor cost
incurred in such WORK including that by a SUBCONTRACTOR, and to any mechanic or
materialman lienholder whether it acquires its lien by operation of State or Federal law; then this
obligation shall be void, otherwise to remain in full force and effect.

PROVIDED, that beneficiaries or claimants hereunder shall be limited to the SUBCONTRACTORS, and persons, firms, and corporations having a direct contract with the PRINCIPAL or its SUBCONTRACTORS.

PROVIDED, FURTHER, that the said SURETY for value received hereby stipulates and agrees that no change, extension of time, alteration or addition to the terms of the contract or to the WORK to be performed thereunder or the SPECIFICATIONS accompanying the same shall in any way affect its obligation on this BOND, and it does hereby waive notice of any such change, extension of time, alteration or addition to the terms of this contract or to the WORK or to the SPECIFICATIONS.

PROVIDE, FURTHER, that no suit or action shall be commenced hereunder by any claimant: (a) Unless claimant, other than one having a direct contract with the PRINCIPAL (or with the GOVERNMENT in the event the GOVERNMENT is performing the obligations of the OWNER), shall have given written notice to any two of the following: The PRINCIPAL, the OWNER, or the SURETY above named within ninety (90) days after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the materials were furnished, or for whom the work or labor was done or performed. Such notice shall be served by mailing the same by registered mail or certified mail, postage prepaid, in an envelope addressed to the PRINCIPAL, OWNER, or SURETY, at any place where an office is regularly maintained for the transaction of business, or served in any manner in which legal process may be served in the state in which the aforesaid project is located, save that such service need not be made by a public officer. (b) After the expiration of one (1) year following the date of which PRINCIPAL ceased work on said CONTRACT, is being understood, however, that if any limitation embodied in the BOND is prohibited by any law controlling the construction hereof, such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.

PROVIDED, FURTHER, that it is expressly agreed that this BOND shall be deemed amended automatically and immediately, without formal and separate amendments hereto, upon amendment to the Contract not increasing the contract price more than 20 percent, so as to bind the PRINCIPAL and the SURETY to the full and faithful performance of the Contract as so amended. The term "Amendment", wherever used in this BOND and whether referring to this BOND, the contract or the loan Documents shall include any alteration, addition, extension or modification of any character whatsoever.

PROVIDED, FURTHER, that no final settlement between the OWNER or GOVERNMENT and the CONTRACTOR shall abridge the right of any beneficiary hereunder, whose claim may be unsatisfied.

WITNESS WHEREOF, this instrument is executed in ___4___ counterparts, each of which shall be
deemed an original, this the _14th_ day of _____July_____, 2005.

**ATTEST:**

_(signature)_

(Principal) Secretary

Pipe & Equipment Company, Inc.
Principal

(SEAL)

By _(signature)_ (s)

2324 Twelve Oaks Drive
Hoover, Alabama 35244
(Address)

_(signature)_
Witness as to Principal
2324 Twelve Oaks Dr.
(Address)
Hoover, Al 35244

Harleysville Mutual Insurance Company
Surety

**ATTEST:**

_(signature)_ William H. Fedon
Witness as to Surety
115 Office Park Drive, Suite 200
Address
Birmingham, Alabama 35223

By _(signature)_
Attorney-in-Fact
115 Office Park Drive, Suite 200
Address
Birmingham, Alabama 35223

NOTE:     Date of BOND must not be prior to date of Contract.

If CONTRACTOR is partnership, all partners should execute BOND.

IMPORTANT: Surety companies executing BONDS must appear on the Treasury Department's
most current list (Circular 570 as amended) as be authorized to transact business in the State where the
Project is located.



# Harleysville

Harleysville Mutual Insurance Company
355 Maple Avenue • Harleysville, PA 19438-2297
www.harleysvillegroup.com

**POWER OF ATTORNEY**

KNOW ALL MEN BY THESE PRESENTS:

The Harleysville Mutual Insurance Company, a Corporation of the Commonwealth of Pennsylvania, does hereby make, constitute and appoint Thomas C. Bole or Thomas J. Bole ........................................................................ of

Birmingham, AL

its true and lawful Attorney-in-Fact, to make, execute, seal and deliver for and on its behalf, and as its act and deed, one of the following bonds:

|  |  |
|---|---|
| ADMINISTRATOR, EXECUTOR, PERSONAL REPRESENTATIVE, COMMISSIONER, SALE OF REAL ESTATE, CONSERVATOR COMMITTEE, GUARDIAN, TRUSTEE UNDER WILL, TRUSTEE OR RECEIVER IN BANKRUPTCY or RECEIVER IN STATE COURT in an amount not to exceed ................ | $ 500,000.00 |
|  | $ 100,000.00 |
| ANY COURT BOND in an amount not to exceed .................... | $ 100,000.00 |
| ANY MISCELLANEOUS BOND in an amount not to exceed ................ | $ 100,000.00 |
| ANY LICENSE AND PERMIT BOND in an amount not to exceed ........... | $ 100,000.00 |
| ANY PUBLIC OFFICIAL BOND (EXCLUDING SCHEDULE AND BLANKET BONDS) in an amount not to exceed ........... | $ UNLIMITED |

ANY BID, PERFORMANCE, PAYMENT AND MAINTENANCE BONDS in an amount not to exceed ........................

The full performance of these presents shall be as binding upon said Company, as fully and amply, to all intents and purposes, as if they had been duly executed and acknowledged by the regularly elected officers of the Company at its office in Harleysville, Pennsylvania, in their own proper persons.

This appointment is made by and under the authorization of a resolution adopted by the Board of Directors of the Company on February 27, 1956 at Harleysville, Pennsylvania, which Resolution is shown on the reverse side hereof and is now in full force and effect.

IN WITNESS WHEREOF, Harleysville Mutual Insurance Company has caused these presents to be signed and its corporate seal to be hereunto affixed on February 13, 2004.

HARLEYSVILLE MUTUAL INSURANCE COMPANY

Attest:

By: _____
Roger J. Beakley, Vice President

By: _____
Mark R. Cummins, Executive Vice President

**ACKNOWLEDGMENT**

Commonwealth of Pennsylvania } SS
County of Montgomery

On February 13, 2004 _____, before me appeared the above named officers of HARLEYSVILLE MUTUAL INSURANCE COMPANY, to me personally known, who, being by me duly sworn, did say that they are the individuals and officers described in and who executed the preceding power of attorney, and that the seal affixed to said instrument is the corporate seal of said Company, and that said instrument was signed and sealed on behalf of said Company by authority and direction of said Company, and the said officers acknowledged said instrument to be the free act and deed of said Company.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal, the day and year above written.

My commission expires _____

NOTARIAL SEAL
ALICE A. WOOLEVER, Notary Public
Lower Salford Twp., Montgomery Co.
My Commission Expires Dec. 4, 2007

_____
Notary Public of Pennsylvania

**CERTIFICATION**

Commonwealth of Pennsylvania } SS
County of Montgomery

I, F. Jay Scribner _____, an officer of the HARLEYSVILLE MUTUAL INSURANCE COMPANY, a corporation of the Commonwealth of Pennsylvania, do hereby certify that the above and foregoing is a true and correct copy of a Power of Attorney, executed by the above named officers of the said Company, which is still in full force and effect.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Company on this 14th day of JULY 2005.

HARLEYSVILLE MUTUAL INSURANCE COMPANY

(SEAL)

By: _____
F. Jay Scribner, Vice President

BBA-37 (Ed. 2-04)

CONFIRMATION: If the obligee wishes to confirm the validity of the bond attached to this power of attorney, he is invited to call Harleysville Mutual Insurance Company at 215-256-5664.

# NOTICE TO PROCEED

To:  Mr. A. L. Burbic, Jr., President

Pipe & Equipment Company, Inc.

2324 Twelve Oaks Drive

Hoover, AL 35244

Date:  July 20, 2005

Project:  West Shawmut Sanitary Sewer

Line Extension for the City of Lanett, AL

CDBG Project No. LR-CM-PF-04-009

GMC Project No. 5-4-062

---

You are hereby notified to commence WORK in accordance with the Agreement dated July 14, 2005, on or before August 15, 2005, and you are to complete the WORK within 180 calendar days thereafter.  The date of completion of all WORK is therefore February 10, 2006.

CITY OF LANETT, ALABAMA
Owner

By  _Oscar Crawley_

Oscar Crawley

Title  Mayor

---

## ACCEPTANCE OF NOTICE

Receipt of the above NOTICE TO PROCEED is hereby acknowledged by Pipe & Equipment Company, Inc., this the 20th day of July, 20 05.

PIPE & EQUIPMENT COMPANY, INC.
Contractor

By  _A. L. Burbic_

A. L. Burbic, Jr.

Title  President



EXHIBIT

C